UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
EXCELLENT HOME CARE SERVICES, LLC,

                Plaintiff,

   - against -

FGA, INC.,

                Defendant.
-----------------------------------------------------------x

MEMORANDUM AND ORDER

13 Civ. 05390 (ILG) (CLP)

GLASSER, Senior United States District Judge:

      Plaintiff Excellent Home Care Services, LLC ("EHCS") brings this action against FGA, Inc. ("FGA"), alleging breach of contract and breach of professional duty. FGA moves to dismiss pursuant to the doctrine of forum non conveniens or 28 U.S.C. § 1406(a), or in the alternative, transfer the case to the District of New Jersey under 28 U.S.C. § 1404(a) or § 1406(a). FGA's motion is DENIED.

## BACKGROUND

### I. Facts

      The following facts are taken from EHCS's complaint and extrinsic documents the Court may consider in ruling on this motion. EHCS is a New York corporation with offices in Brooklyn, New York, that provides home healthcare services in New York State. FGA is a New Jersey corporation with an office in Piscataway, New Jersey, that provides "accounts receivable management services" for healthcare providers.

      EHCS began leasing software from FGA in June 2003 for managing the bills it submits to health-insurance companies. During this period, FGA sent employees to EHCS's office in Brooklyn to train and assist EHCS employees in the use of the software.

1

Two years later, in June 2005,[1] EHCS stopped leasing the software and began to fully outsource its billing to FGA. Under their new arrangement, EHCS maintained on its computers the relevant electronic files. FGA then accessed those files remotely from New Jersey, completed its billing work there, and submitted those bills to the New York health-insurance companies that insured EHCS's patients. Some undisclosed time after EHCS fully outsourced its billing to FGA, FGA allegedly failed to timely and properly submit an undisclosed number of EHCS's bills to the health-insurance companies, which thus denied payment of them.

## II. Procedural History

EHCS filed suit in the New York Supreme Court, Kings County, on August 28, 2013, by filing a summons and notice seeking $6,000,000 for breach of contract and fraud. On September 27, 2013, before EHCS filed a complaint, FGA removed the action to this Court on the basis of diversity jurisdiction. On October 30, 2013, EHCS filed its complaint, again claiming breach of contract, replacing its claim of fraud with one of breach of professional duty, and increasing its demand to $7,000,000.

FGA filed its motion to dismiss or transfer the action on November 15, 2013. EHCS filed a response in opposition to the motion on December 6, 2013. FGA filed a reply in support of its motion on December 13, 2013.

## DISCUSSION

## I. Dismissal Pursuant to Forum Non Conveniens or 28 U.S.C. § 1406(a)

FGA first argues that "This Court must dismiss this action for improper venue

---

[1] EHCS alleged in its complaint that it outsourced its billing to FGA in May 2007, but EHCS's financial controller later declared that EHCS actually did so sometime in 2005. FGA's vice president declared that EHCS outsourced its billing in June 2005. The Court uses FGA's more precise and consistent date.

2

under the doctrine of forum non conveniens pursuant to 28 U.S.C. § 1406(a) and 28 U.S.C. § 1391."

FGA has failed to show that dismissal is proper. First, FGA inappropriately conflates forum non conveniens and 28 U.S.C. § 1406(a). The doctrine of forum non conveniens and § 1406(a) are distinct bases for dismissal. Forum non conveniens provides a discretionary basis for dismissal even when venue is proper if another venue would be preferable, while § 1406(a) provides a mandatory basis for dismissal (or transfer) when venue is improper. 28 U.S.C. § 1406(a) (providing that a district court "shall" dismiss or transfer the case if venue is improper); Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 507 (1947); Pollux Holding, Ltd. v. Chase Manhattan Bank, 329 F.3d 64, 67 (2d Cir. 2003); Scottish Air Int'l, Inc. v. British Caledonian Grp., PLC, 81 F.3d 1224, 1232 (2d Cir. 1996); 14D CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3826 (3d ed. 2007).

Second, neither doctrine provides a basis for dismissal here. The doctrine of forum non conveniens does not apply in this case. Forum non conveniens has been displaced by 28 U.S.C. § 1404(a) if the transferee forum is another United States district court, rather than another country. Capital Currency Exch. v. Nat'l Westminster Bank, PLC, 155 F.3d 603, 607 (2d Cir. 1998) ("Section 1404(a) thus supplanted the common law doctrine of forum non conveniens for transfers between United States district courts."); Boehm v. Zimprich, No. 13 Civ. 1031, 2013 WL 6569788, at *3 n.5 (S.D.N.Y. Dec. 13, 2013) ("That doctrine [forum non conveniens] was codified into 28 U.S.C. § 1404(a) for cases where, as here, 'the transferee forum is within the federal court system.'"); 14D CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3828 (3d ed. 2007) ("[D]ismissal of the action under the forum non conveniens principle . . . . is

3

only appropriate when the more convenient forum is in a foreign country or perhaps, under rare circumstances, that forum is a state court or a territorial court."). Because FGA argues that another United States district court is a more convenient venue, § 1404(a) (which provides for transfer, not dismissal) rather than the doctrine of forum non conveniens is applicable. Atl. Marine Constr. Co. v. United States Dist. Court, 134 S. Ct. 568, 580 (2013); Sinochem Int'l Co. v. Malay. Int'l Shipping Corp., 549 U.S. 422, 430 (2007); Capital Currency Exch., 155 F.3d at 607.

      Dismissal pursuant to 28 U.S.C. § 1406(a) is not appropriate. FGA bases its argument that venue is improper on 28 U.S.C. § 1391. But because this case was removed from state court, venue is determined by 28 U.S.C. § 1441(a), which governs removal of actions brought in state courts, instead of § 1391, which governs venue in actions brought in federal courts. Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 665–66 (1953) ("§ 1391 has no application to this case because this is a removed action."); PT United Can Co. v. Crown Cork & Seal Co., 138 F.3d 65, 72 (2d Cir. 1998) ("The removal statute, and not the ordinary federal venue statute, 28 U.S.C. § 1391, governs venue in removed cases."); Ducatel v. Manspeizer, No. 08-CV-4219, 2009 WL 648521, at *1–2 (E.D.N.Y. Mar. 13, 2009) (same). Here, the state-court action was filed in the Supreme Court of the State of New York in Kings County, and removal to the Eastern District of New York was proper in accordance with § 1441(a).

**II. Transfer Pursuant to 28 U.S.C. § 1406(a) or 28 U.S.C. § 1404(a)**

      FGA argues in the alternative that this action should be transferred to the District of New Jersey "pursuant to either 28 U.S.C. § 1406(a) and/or 28 U.S.C. § 1404(a)."

      Just as 28 U.S.C. § 1406(a) does not provide grounds for dismissing this case, neither does it provide grounds for transferring this case because, as discussed above,

venue is proper in this Court. Section 1404(a) being the only appropriate statute upon which relief can be predicated, the only issue to be decided is whether, pursuant to that statute, the motion to transfer should be granted because the convenience of the parties and witnesses or the interest of justice requires it.

**A. Legal Standard**

To determine whether to grant a motion to transfer venue, the Court must first determine whether the action could have been brought in the transferee district, and must then determine whether the equities favor transfer. Lauer v. Saybolt LP, No. 09-CV-3442, 2010 WL 1992008, at *2 (E.D.N.Y. May 17, 2010); Laumann Mfg. Corp. v. Castings USA, Inc., 913 F. Supp. 712, 720 (E.D.N.Y. 1996). Relevant equitable considerations include "'(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties.'" D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 106–07 (2d Cir. 2006) (quoting Albert Fadem Trust v. Duke Energy Corp., 214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002)). Some courts have also considered the forum's familiarity with governing law and docket congestion. Easyweb Innovations, LLC v. Facebook, Inc., 888 F. Supp. 2d 342, 348 (E.D.N.Y. 2012); In re Hanger Orthopedic Grp., Inc., 418 F. Supp. 2d 164, 167–68 (E.D.N.Y. 2006).

The weight due each of these factors varies. First, a plaintiff's choice of forum is entitled to considerable weight, particularly if the plaintiff is a resident of or the events underlying the claims occurred in that forum. Wald v. Bank of Am. Corp., 856 F. Supp. 2d 545, 549 (E.D.N.Y. 2012); Computer Express Int'l, Ltd. v. MicronPC, LLC, No. 01-CV-

4801, 2001 WL 1776162, at *7 (E.D.N.Y. Dec. 21, 2001) (quoting Berman v. Informix Corp., 30 F. Supp. 2d 653, 659 (S.D.N.Y. 1998)). Second, the weight given to the convenience of witnesses depends upon whether the party seeking transfer has described the witnesses' testimony so the court can qualitatively evaluate its materiality. Easyweb Innovations, LLC, 888 F. Supp. 2d at 350; Payless Shoesource, Inc. v. Avalon Funding Corp., 666 F. Supp. 2d 356, 364–65 (E.D.N.Y. 2009). Third, the location of documents is relatively unimportant given the norm of electronic document production. Zaltz v. JDATE, No. 12-CV-3475, 2013 WL 3369073, at *15 (E.D.N.Y. July 8, 2013); ESPN, Inc. v. Quiksilver, Inc., 581 F. Supp. 2d 542, 548 (S.D.N.Y. 2008).

Fourth, the parties' convenience is neutral if transfer would do no more than shift the inconvenience from one party to the other. Schwartz v. Marriott Hotel Servs., 186 F. Supp. 2d 245, 250 (E.D.N.Y. 2002); Neil Bros. Ltd. v. World Wide Lines, Inc., 425 F. Supp. 2d 325, 328 (E.D.N.Y. 2006). Fifth, the locus of operative facts is a neutral factor if significant events underlying the claims occurred in both districts at issue. See Tobey v. Nat'l Action Fin. Servs., Inc., No. 09-CV-1917, 2009 WL 3734320, at *3 (E.D.N.Y. Nov. 4, 2009); Atl. Recording Corp. v. Project Playlist, Inc., 603 F. Supp. 2d 690, 697 (S.D.N.Y. 2009). Sixth, the availability of process to compel a witness to testify is relevant only if the moving party has demonstrated that a witness would be unwilling to testify voluntarily. See Pecorino v. Vutec Corp., 934 F. Supp. 2d 422, 443 (E.D.N.Y. 2012); Fuji Photo Film Co. v. Lexar Media, Inc., 415 F. Supp. 2d 370, 375 (S.D.N.Y. 2006); In re Hanger Orthopedic Grp., Inc., 418 F. Supp. 2d 164, 169 (E.D.N.Y. 2006).

Seventh, the parties' relative means is less significant if both parties are corporations, Ahava Dairy Prods. Corp. v. Swiss Heritage Cheese, Inc., No. CV-02-4045, 2002 WL 31988778, at *3 (E.D.N.Y. Dec. 27, 2002); Toy Biz, Inc. v. Centuri Corp., 990

F. Supp. 328, 331 (S.D.N.Y. 1998), and the party seeking transfer must demonstrate that lack of transfer would be unduly burdensome to the party's finances, Pecorino, 934 F. Supp. 2d at 439; Rindfleisch v. Gentiva Health Sys., Inc., 752 F. Supp. 2d 246, 260–61 (E.D.N.Y. 2010). Eighth, a court's familiarity with the substantive law is less important, particularly if the legal issues are not complex. Neil Bros. Ltd., 425 F. Supp. 2d at 333; Merkur v. Wyndham Intern., Inc., No. 00 CV 5843, 2001 WL 477268, at *5 (E.D.N.Y. Mar. 30, 2001). And ninth, docket congestion is relatively unimportant, especially if the difference in congestion between the two forums is minimal. See In re Hanger Orthopedic Group, Inc., 418 F. Supp. 2d at 171; see Lauer, 2010 WL 1992008, at *6.

The moving party bears the burden of "'making out a strong case for transfer'" that is supported by affidavits or other materials outside of the pleadings. New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 114 (2d Cir. 2010) (quoting Filmline (Cross-Country) Prods., Inc. v. United Artists Corp., 865 F.2d 513, 521 (2d Cir. 1989)); Citibank, N.A. v. Affinity Processing Corp., 248 F. Supp. 2d 172, 176 (E.D.N.Y. 2003). The Court has broad discretion in deciding whether to grant a motion to transfer venue. See D.H. Blair & Co., 462 F.3d at 106–07; US Engine Prod., Inc. v. ISO Group, Inc., No. 12-CV-4471, 2013 WL 4500785, at *6 (E.D.N.Y. Aug. 20, 2013).

**B. This Action Could Have Been Filed in the District of New Jersey**

The parties don't dispute that this action could have been filed in the District of New Jersey.

**C. The Equities Do Not Favor Transfer**

**1. Plaintiff's Choice of Forum**

EHCS's choice of forum weighs strongly against transfer. EHCS's offices are located in this district, it keeps files relevant to this action here, it performed its duties

under the contract here, and it sustained its loss here. Its choice of forum accordingly weighs heavily against transfer.

## 2. Convenience of Witnesses

The convenience of witnesses is a neutral factor. FGA has named six employees as potential witnesses, [2] but has provided additional information about only one of them—its vice president, John Morris. For the remaining five witnesses, it has said merely that each employee "possesses knowledge relevant to the claims set forth in Plaintiff's Complaint." Morris Decl. at ¶ 9. This Court is thus not provided adequate information with which to qualitatively evaluate the testimony of these remaining five witnesses and gives little weight to their convenience. For its part, EHCS has identified as a potential witness only its financial controller, Moses Knopfler. Mr. Morris and Mr. Knopfler, as executives of their respective companies who have knowledge of the business relationship between EHCS and FGA, will likely offer testimony of similar materiality. On balance, then, their convenience is a neutral factor.

It is also important to note that any marginal inconvenience to witnesses will be relatively minor, as this courthouse is a mere 13 miles from the federal courthouse in Newark, New Jersey. See Lauer, 2010 WL 1992008, at *4; Zaitsev v. State Farm Fire & Cas. Co., No. 05-CV-2098, 2005 WL 3088326, at *2 (E.D.N.Y. Nov. 17, 2005).

## 3. Location of Evidence

The location of documents weighs slightly in EHCS's favor. The only relevant evidence the parties have identified, other than witness testimony, are electronic

---

[2] In its reply brief, FGA also named two former employees as potential witnesses. This Court does not consider these witnesses as EHCS has not had an opportunity to address this newly identified evidence. See Zagaja v. Vill. of Freeport, No. 10-cv-3660, 2013 WL 2405440, at *16 n.11 (E.D.N.Y. June 3, 2013); Emigra Group, LLC v. Fragomen, Del Rey, Bernsen & Loewy, LLP, 612 F. Supp. 2d 330, 349 (S.D.N.Y. 2009); Rothberg v. Chloe Foods Corp., No. CV-06-5712, 2007 WL 2128376, at *17 n.73 (E.D.N.Y. July 25, 2007).

8

documents that EHCS stores on its computers in Brooklyn. But as electronic documents are easily transmitted, their location is of little importance.

### 4. Convenience of Parties

The convenience of the parties is a neutral factor. Transferring the action to the District of New Jersey would simply shift the burden of inconvenience from FGA to EHCS. Moreover, any inconvenience is negligible given the short distance between this courthouse and the courthouse in Newark. Lauer, 2010 WL 1992008, at *4; Zaitsev, 2005 WL 3088326, at *2.

### 5. Locus of Operative Facts

The locus of operative facts is a neutral factor. EHCS kept the relevant documents in this district, FGA used those documents in New Jersey, and the bills were submitted to New York insurance companies. Both districts are thus loci of operative facts and this factor is neutral.

### 6. Compel Attendance of Witnesses

The ability to compel the attendance of witnesses is a neutral factor. FGA has not shown that any of its proposed witnesses would refuse to voluntarily testify. Moreover, all of the proposed witnesses are employees of either EHCS or FGA, and as such need not be compelled to testify because they are considered "available to testify in any venue by virtue of the employment relationship," See Schwartz, 186 F. Supp. 2d at 250–51; accord Hawley v. Accor N. Am., Inc., 552 F. Supp. 2d 256, 260 (D. Conn. 2008); Fuji Photo Film Co., 415 F. Supp. 2d at 375.

### 7. Parties' Relative Means

The parties' relative means is a neutral factor. FGA has not submitted documentation showing that they would suffer hardship by litigating an extra 13 miles

9

away. Moreover, the parties' relative means is a less significant factor since both parties are corporations.

## 8. Familiarity with Applicable Law

The courts' familiarity with the applicable substantive law is a neutral factor. The parties do not meaningfully address whether New York or New Jersey law applies to EHCS's claims.[3] In any event, regardless of which state's laws apply, both this Court and the District of New Jersey would no doubt ably apply the law to EHCS's straightforward claims.

## 9. Trial Efficiency

Trial efficiency weighs slightly in favor of FGA. Median disposition time for a civil case is 6.2 months in the District of New Jersey and 8.7 months in the Eastern District of New York. ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS, FEDERAL COURT MANAGEMENT STATISTICS (September 2013), *available at* http://www.uscourts.gov/Statistics/FederalCourtManagementStatistics/district-courts-september-2013.aspx. But given the small difference in docket congestion, this factor is due little weight.

## 10. Conclusion

After consideration of the relevant equitable factors, this Court concludes that FGA has failed to demonstrate that the equities strongly favor transferring this case to the District of New Jersey.

---

[3] EHCS does not broach the subject, and FGA says only, without legal citations, that "EHCS understood that FGA's work would occur in New Jersey, and thus, it appears that New Jersey law would govern the agreements." And neither party mentions whether the contract has a choice-of-law clause.

## CONCLUSION

For the foregoing reasons, defendants' motion for dismissal or transfer to the District of New Jersey is DENIED.

SO ORDERED.

Dated:   Brooklyn, New York
         February 19, 2014

/s/
I. Leo Glasser
Senior United States District Judge