UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
EXCELLENT HOME CARE SERVICES, LLC,

                 Plaintiff,

- against -

FGA, INC.,

                 Defendant.
------------------------------------------------------x

MEMORANDUM AND ORDER

13 Civ. 05390 (ILG) (CLP)

GLASSER, Senior United States District Judge:

      Plaintiff Excellent Home Care Services, LLC ("EHCS") brings this action against FGA, Inc. ("FGA"), alleging breach of contract and negligent breach of duty. FGA moves to dismiss EHCS's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion is GRANTED.

## BACKGROUND

      The following facts are taken from EHCS's complaint and other documents the Court may consider in ruling on this motion. EHCS is a home healthcare company based in New York and FGA is a billing-management company based in New Jersey. In May 2007, the companies entered into an "Agreement" pursuant to which EHCS outsourced all of its billing of health-insurance companies to FGA. EHCS alleges that although it fulfilled all of its duties under the agreement, "FGA failed, neglected and omitted to fulfill the obligations imposed upon it pursuant to the Agreement in that it, among other things, failed to timely and or properly submit EHCS's claims to the Providers causing the claims to be denied payment." EHCS also alleges that FGA breached a duty it owed to EHCS independent of the contract by failing to timely and properly submit the claims.

1

EHCS filed suit in the New York Supreme Court, Kings County, on August 28, 2013, by filing a summons and notice, seeking $6,000,000 for breach of contract and fraud. On September 27, 2013, before EHCS filed a complaint, FGA removed the action to this Court on the basis of diversity jurisdiction. On October 30, 2013, EHCS filed its complaint, again claiming breach of contract, replacing its claim of fraud with one for negligent breach of duty, and increasing its demand to $7,000,000.

FGA moved to transfer the action to New Jersey on November 15, 2013, which this Court denied on February 19, 2014. FGA moved to dismiss the complaint on March 5, 2014. EHCS's response was due on May 30, 2014; instead of filing the response via ECF, EHCS served it on FGA via USPS. Following a hearing on June 12, 2014, EHCS filed its response (which it titled "Declaration of Alham Usman," although it is in substance a memorandum of law) via ECF. FGA filed its reply on June 30, 2014.

## DISCUSSION

### I. Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the plaintiff's pleading must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Although detailed factual allegations are not necessary, mere legal conclusions, "a formulaic recitation of the elements of a cause of action," or "naked assertions" by the plaintiff will not suffice. Id. (internal quotations and citations omitted). This court must accept as true all of the allegations made in the complaint and draw all reasonable inferences in the plaintiff's favor. Matson v. Bd. of Educ. of the City Sch. Dist. of N.Y., 631 F.3d 57, 63 (2d Cir. 2011).

**II. Analysis**

**A. Choice of Law**

The events underlying this lawsuit occurred in both New York and New Jersey, and either state's substantive law might govern here. But as the parties have cited New York law in their motion papers, they have implicitly consented to the application of New York law. Krumme v. Westpoint Stevens Inc., 238 F.3d 133, 138 (2d Cir. 2000) ("The parties' briefs assume that New York law controls, and such implied consent . . . is sufficient to establish choice of law." (quotation and citation omitted)).

**B. Breach of Contract**

FGA argues that EHCS's allegations of a breach of contract are conclusory. EHCS responds that its allegations are sufficient to give FGA fair notice of EHCS's claim.

Pursuant to New York law, a claim for breach of contract has four elements: (1) the existence of a contract, (2) performance by the plaintiff, (3) non-performance by the defendant, and (4) damages attributable to the breach. Kramer v. N.Y.C. Bd. of Educ., 715 F. Supp. 2d 335, 356 (E.D.N.Y. 2010).

EHCS's allegations amount to little more than "a formulaic recitation of the elements of a cause of action." Iqbal, 556 U.S. at 678. EHCS alleged the existence of each element of a breach-of-contract claim, but failed to include sufficient factual material to make its claim plausible. EHCS says only that FGA breached the contract by, "among other things, fail[ing] to timely and or properly submit EHCS's claims to the Providers causing the claims to be denied payment." These allegations leave FGA without notice as to whether the agreement to which EHCS refers is oral or written, which contract provision or provisions FGA allegedly breached, with respect to which insurance claims, on which dates. Courts in this circuit have concluded that similar allegations are too

conclusory to pass muster. See Soroof Trading Dev. Co. v. GE Fuel Cell Sys., LLC, 842 F. Supp. 2d 502, 512–13 (S.D.N.Y. 2012) (concluding that allegations that opposing party breached the contract by failing to "share promptly relevant information" were conclusory); Berman v. Sugo, LLC, 580 F. Supp. 2d 191, 202 (S.D.N.Y. 2008) (dismissing breach-of-contract claims as conclusory for, in part, failing to set forth the contract's major terms); Arma v. Buyseasons, Inc., 591 F. Supp. 2d 637, 643 (S.D.N.Y. 2008) (concluding that "bare allegations" that defendants "failed to make timely payments" and "failed to properly account" to plaintiffs were conclusory); Marquardt-Glenn Corp. v. Lumelite Corp., 11 F.R.D. 175, 176 (S.D.N.Y. 1951) (explaining that defendants are entitled to allegations about duration of a contract and whether it was written or oral so they can plead affirmative defenses based on statutes of frauds and statutes of limitations).

EHCS relies primarily on Jaffer v. Aviel, No. 13-CV-1674, 2014 WL 301041 (N.D. Tex. Jan. 28, 2014), to support its argument that its allegations are adequate. The Jaffer court denied a motion to dismiss despite plaintiffs' failure to attach the contract because the allegations impliedly described the terms of the contract that had been breached. Id. at *5. But EHCS's resort to Jaffer is unavailing because, as discussed above, the deficits in EHCS's allegations go beyond a mere failure to attach or expressly describe the contract terms.

EHCS also contends that

> it would be peculiar indeed to allow a defendant to remove a case and then seek its dismissal on the grounds that the Complaint fails the new (or prior) Court's pleading requirements. Either, FGA should have done so in State Court or undertook to defend against this action in Federal Court as existing.

4

That contention suggests that the removal of a state case to the federal court as provided by 28 U.S.C. § 1441(b) constitutes an acknowledgment of the substantive validity of the case removed. It requires no extended discussion to declare that suggestion is patently misguided.

**C. Negligent Breach of Duty**

FGA next argues that EHCS's allegations do not establish the existence of a duty independent of the contract and, accordingly, that this claim is duplicative of EHCS's breach-of-contract claim. EHCS argues that its allegations establish that FGA owed EHCS fiduciary and professional duties, and that public policy also supports recognition of a duty independent of the contract.

A "defendant may be liable in tort when it has breached a duty of reasonable care distinct from its contractual obligations, or when it has engaged in tortious conduct separate and apart from its failure to fulfill its contractual obligations . . . where a party is merely seeking to enforce its bargain, a tort claim will not lie." N.Y. Univ. v. Cont'l Ins. Co., 662 N.E.2d 763, 767–68 (N.Y. 1995); see also Rabin v. MONY Life Ins. Co., 387 F. App'x 36, 40 (2d Cir. 2010) (dismissing tort claim premised on violation of terms of contract); Tobin v. Gluck, Nos. 07-CV-1605 & 11-CV-3985, 2014 WL 1310347, at *10 (E.D.N.Y. March 28, 2014) (same).

EHCS has not sufficiently alleged that FGA owed it a duty—fiduciary, professional, or as a matter of policy—independent of the contract. First, EHCS has not established the existence of a fiduciary duty. An "arms-length contract between two parties does not by itself give rise to fiduciary duties between them." Stein v. N. Assur. Co. of Am., No. 09-CV-1029, 2012 WL 1605365, at *8 (E.D.N.Y. May 7, 2012). And EHCS has made no other allegations that would establish that FGA owed EHCS a

5

fiduciary duty. See Northern Shipping Funds I, LLC v. Icon Capital Corp., 921 F. Supp. 2d 94, 103 (S.D.N.Y. 2013) ("[A] party claiming an agency relationship—to which a fiduciary duty might apply—must demonstrate that the alleged fiduciary occupied a position of trust or special confidence with regard to the plaintiff that imposed obligations beyond the express agreements." (citations and quotations omitted)).

Second, EHCS has not established the existence of a professional duty. New York law recognizes a professional duty only for fields in which there is a prolonged course of specialized instruction, licensure requirement, and standards of conduct. Asian Vegetable Research & Dev. Ctr. v. Institute of Int'l Educ., 944 F. Supp. 1169, 1179–80 (S.D.N.Y. 1996); see also Deutsche Bank Sec. Inc. v. Rhodes, 578 F. Supp. 2d 652, 671 (S.D.N.Y. 2008) (holding that no professional duty arises out of investment-banking services and collecting similar cases). EHCS has not alleged that the management and submission of insurance claims meets these criteria.

Third, EHCS has not established the existence of a duty on public policy grounds. There may be a duty of reasonable care on public policy grounds if there was personal injury, property damage, or the nature of the services implicate significant public-interest concerns. TD Waterhouse Investor Servs., Inc. v. Integrated Fund Servs., Inc., No. 01 Civ. 8986, 2003 WL 42013, at *12 (S.D.N.Y. 2003). EHCS did not allege the existence of any of these circumstances. EHCS now argues that the public interest mandates the existence of a duty because EHCS's patients relied on FGA's proper submission of the insurance claims to pay for and receive their medical care.[1] But EHCS did not make these allegations in its complaint and factual assertions in opposition

---

[1] EHCS also asserts that FGA handled confidential patient information and that FGA's breaches affected customers' confidence in EHCS. But it's not apparent how these assertions are relevant to EHCS's argument that FGA's failure to timely and properly submit insurance claims implicates the public interest.

papers cannot augment the complaint. Hanley v. Nassau Health Care Corp., No. 10-CV-3884, 2013 WL 3364375, at *3 (E.D.N.Y. July 3, 2013); In re Geopharma, Inc. Sec. Litig., 399 F. Supp. 2d 432, 445 n.100 (S.D.N.Y. 2005).

**D. Without Prejudice**

FGA requests that their motion to dismiss be granted with prejudice. "When a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." Hayden v. Cnty. of Nassau, 180 F.3d 42, 53 (2d Cir. 1999) (citing Ronzani v. Sanofi S.A., 899 F.2d 195, 198 (2d Cir. 1990)). A district court has discretion to dismiss a complaint with prejudice for "good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200–01 (2d Cir. 2007) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). None of these circumstances is present. The motion is accordingly granted without prejudice to the filing of an amended complaint.

## CONCLUSION

For all of the foregoing reasons, EHCS's complaint is dismissed without prejudice to the filing of an amended complaint within 30 days.

SO ORDERED.

Dated:     Brooklyn, New York
           August 27, 2014

                                        /s/
                                        I. Leo Glasser
                                        Senior United States District Judge