BARRY R. FEERST & ASSOCIATES (BRF-3836)
ALHAM USMAN (AU-0786)
Attorneys for Plaintiff
194 S. 8th Street
Brooklyn, New York 11211
t(718)384-9111
f(718)384-5999


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X
EXCELLENT HOME CARE SERVICES LLC,

                                     Plaintiff,    13-CV-05390-ILG-CLP

      -against-

FRANK GIANNANTONIA & ASSOCIATES, INC.

                                     Defendant.
---------------------------------------X


**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS THE VERIFIED AMENDED COMPLAINT**


Dated: Brooklyn, New York
       November 24, 2011


To: *Via ECF-*
    Wilson Elser Moskowtiz
    Edelman & Dicker, LLP
    Attorneys for Defendant

**TABLE OF CONTENTS**

Table of Authorities..........................................ii

I.   Preliminary Statement....................................1

II.  Legal Standard...........................................1

III. Argument

     Point 1..................................................3
     THE COURT SPECIFIED ITEMS IT DETERMINED WANTING IN EHCS'
     ORIGINAL COMPLAINT AND NEITHER SOUGHT TO LIMIT POTENTIAL
     CLAIMS NOR DRAFT AN AMENDED COMPLAINT FOR EHCS.

     Point 2................................................ 12
     FGA'S MOTION IS DEVOID OF SUBSTANCE AND WARRANTS DISMISSAL
     AS PLEADINGS SHOULD NOT BE DISMISSED OR ORDERED AMENDED
     UNLESS IT APPEARS BEYOND DOUBT THAT EHCS CANNOT PROVE ANY
     SET OF FACTS IN ITS CLAIMS IN ORDER TO SEEK THE RELIEF
     REQUESTED.

IV.  Conclusion..............................................15
     EHCS HAS PLED THRE SEPARATE CAUSES OF ACTION WHICH ARE
     PERMISSIBLE AS A MATTER OF LAW AND WHICH LEGAL THEORIES
     PROVIDE SUFFICIENT DETAIL SO AS TO SURVIVE A § 12(b)(6)
     MOTION. THEREFORE FGA'S MOTION SHOULD BE DENIED.

TABLE OF AUTHORITIES

Cases

*Stein v. N. Assur Co. Of Am.* ................................................1
2012 WL 1605365 (EDNY 2012)

*Ashcroft v. Iqbal* ...............................................2,3,6,13,14
129 S.Ct. 1937 (2009)

*Bell Atlantic Corp. v.Twombly*...............................................2
127 S.Ct. 1955 (2007)

*Harris v. Mills*.............................................................2
572 F.3d 66 (2d Cir.2009)

*Iqbal v. Hasty* .............................................................3
490 F.3d 143 (2d Cir.2007)

*Kramer v. NYC Bd. Of Educ.* .................................................5
715 F. Supp. 2d 335(E.D.N.Y. 2010)

*Clark-Fitzpatric, Inc. v. Long Is. R.R.Co.* .............................3,8,13
521 N.Y.S.2d 653 (1987)

*Tagare v. Nynex Network Sys. Co.* ...........................................5
921 F. Supp. 1146 (S.D.N.Y. 1996)

*HSA Residential Mortg. Services of Texas v. Casuccio*........................3
F.Supp.2d 352, 3611 (E.D.N.Y. 2003)

*Tarshis v. Riese Org.* ......................................................3
211 F.3d 30, 35 (2d Cir.2000)

*Desiderio v. National Ass'n of Sec. Dealers, Inc.* ........................3,12
191 F.3d 198, 202 (2d Cir.1999)

*Ryan v. IM Kapco, Inc.* .....................................................7
(2d Dept 2011)

*Goldstein v. Carnell Assoc., Inc.* ..........................................7
74 A.D.3d 745, (2d Dept. 2010)

*Sommer v. Federal Signal Corp.* ...........................................7,8
79 N.Y.2d at 554 (1992)

*Colnaghi, U.S.A. v. Jewelers Protection Servs*...............................7
81 N.Y.2d 821, 823 (1993)

*Kalisch–Jarcho, Inc. v. City of New York*..................................7,8
58 N.Y.2d 377, 385 (1983)

*Food Pageant v. Consolidated Edison Co.* ....................................7
54 N.Y.2d 167(1981)

*Dalton v. Hamilton Hotel Operating Co.* .....................................7
242 N.Y. 481, 488 (1926)

*North Shore Bottling Co. v. Schmidt & Sons* ...................................7
22 N.Y.2d 171 (1968)

*G.K. Alan Assoc. Inc. V. Lazzari*............................................10
66 A.D.3d 830 (2d Dept. 2009)

*Deep Blue Ventures Inc. v. Manfra, Tordella & Brookes, Inc.* .................10
791 NYS2d 298(Sup. 2004)

*Alitalia Linee Aeree Italiane, S.P.A. v. Airline Tariff Pub. Co.* ........10,11
580 F. Supp 2d 285, 294 (S.D.N.Y. 2008)

*Gibbs v. Breed, Abbott & Morgan* ............................................11
710 N.Y.S.2d 578(1st Dept. 2000)

*Milbank, Tweed, Hadley & McCloy v. Boon* ....................................11
13 F.3d 537(2d Cir. 1994)

*ABKO Music, Inc. v. Harrisongs Music, Lt.* ..................................11
722 F.2d 988(2d cir. 1983)

<u>Statutes</u>

28 U.S.C. § 1406(a) ...........................................................1
F.R.C.P. § 12(b)(6) ...................................................1,2,14,15
F.R.C.P. 8(a)(2) ..............................................................1
CPLR § 3026 .................................................................13

<u>Treatises</u>

3 Weinstein-Korn-Miller, N.Y. Civ. Pract. ....................................3
5 Charles A. Wright & Arthur R. Miller .......................................5
Federal Practice and Procedure
§ 1235 (1990)
Prosser, Torts, at 613 [4th ed.] .............................................8
Rest 3d Agen § 8.01 (2006)...................................................11
Third Party Medical Billing Company Guidelines...............................9
2009 WL 4614863 (1998)

**I. Preliminary Statement**

This action concerns straightforward claims, and to the extent that the Court found contractual details lacking, plaintiff, Excellent Home Care Services, LLC ("EHCS"), remedied same with its Verified Amended Complaint dated September 24, 2014 (the "Amnd. Complaint") which includes the parties' Agreement dated May 31, 2007 (the "Agreement").

Defendant, Frank Giannantonio & Associates, Inc. ("FGA"), conflates a F.R.C.P. § 12(b)(6) motion to dismiss for failure to state a cause of action with its potential answer and possible defenses it may assert should it proceed with a responsive pleading and halt these attempts to delay litigation of this matter.[1] Fortunately, both this Court's Memorandum and Order dated August 27, 2014 (the "Memo and Order"), which FGA grossly misconstrues in its motion papers[2], and law contradict FGA's erroneous position. Therefore, FGA's motion should be denied and this matter should proceed in litigation.

**II. Legal Standard**

A motion to dismiss for failure to state a claim pursuant to F.R.C.P. § 12(b)(6) requires that the Court examine the legal,

---

[1] This is FGA's now third pre-answer effort to avoid litigating this matter upon its removing the matter to the E.D.N.Y., including an erroneous motion for *forum non conveniens or* 28 U.S.C. § 1406(a) (See, Memorandum and Order dated February 19, 2014), and the prior motion to dismiss.

[2] If this Court were to adopt FGA's interpretation of its Memo and Order, it would effectively be overwriting the law cited within its decision, including *Ashcroft v. Iqbal*, 129 S.Ct. 1937 *(2009), infra*.

rather than factual, sufficiency of a complaint. As required by F.R.C.P. 8(a)(2), a pleading must contain a "**short and plain statement** of the claim showing that the pleader is entitled to relief" [emphasis added]. To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007)).

A court considering a § 12(b)(6) motion must "take[ ] factual allegations [in the complaint] to be true and draw[ ]all reasonable inferences in the plaintiff's favor." *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir.2009). A **complaint need not contain "'detailed factual allegations**,'" but it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, *supra* at 1949 (quoting *Twombly* at 555) [emphasis added].

In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly* at 555). Rather, the plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face" *Twombly, supra* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" *Iqbal*, *supra* at 1949 (citing *Twombly* at 570).

The determination of whether "a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense" *Iqbal, supra* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157–158 (2d Cir.2007)).

A court may grant a Rule 12(b)(6) motion to dismiss for failure to state a claim **only when** "'it appears **beyond doubt** that the **plaintiff can prove no set of facts** in support of [her] claim which would entitle [her] to relief'" *HSA Residential Mortg. Services of Texas v. Casuccio*, 350 F.Supp.2d 352, 3611 (E.D.N.Y. 2003)(quoting *Tarshis v. Riese Org.*, 211 F.3d 30, 35 (2d Cir.2000)).

Courts have held that "pleadings should not be dismissed or ordered amended unless the allegations therein are not sufficiently particular to apprise the court and the parties of the subject matter of the controversy" *Clark-Fitzpatric, Inc. v. Long Is. R.R.Co.*, 521 N.Y.S.2d 653 (1987), referencing 3 Weinstein-Korn-Miller, N.Y. Civ. Pract., par. 3013.03.

**III. Argument**

POINT 1: THE COURT SPECIFIED ITEMS IT DETERMINED WANTING IN EHCS' ORIGINAL COMPLAINT AND NEITHER SOUGHT TO LIMIT POTENTIAL CLAIMS NOR DRAFT AN AMENDED COMPLAINT FOR EHCS.

The Memo and Order specified four items this Court determined wanting in EHCS' original Complaint dated October 30, 2013 ("Org.

-3-

Compl."):

> B. Breach of Duty
> FGA was without notice as to whether the agreement to which EHCS refers is oral or written, which contract provision or provisions FGA allegedly breached, with respect to which insurance claims, on which dates.
>
> C. Negligent Breach of Duty
> EHCS has not established the existence of a fiduciary duty. An "arms-length contract between two parties does not itself give rise to fiduciary duties between them." *Stein v. N.Assur Co. Of Am.*, No. 09-CV-1029, 2012 WIL 1605365 at *8 (E.D.N.Y. May 7, 2012). And EHCS has not made other allegations that establish fiduciary duty.
>
> EHCS has not established existence of professional duty. NY law recognizes a professional duty only for fields in which there is a prolonged course of specialized instruction, licensure requirement and standards of conduct. EHCS has not alleged that the management and submission of insurance claims meets these criteria.
>
> EHCS has not established existence of duty on public policy grounds. There may be duty of reasonable care on public policy grounds if there was personal injury, property damage, or the nature of the services implicate significant public interest concerns.

EHCS' Amnd. Complaint alleges three separate causes of action, highlighting applicable contractual provisions and incorporating the Agreement between the parties, upon considering the Court's determination in its Memo and Order. EHCS' causes of actions are specified as: Count 1 Breach of Contract; Count 2 Gross Negligence; and Count 3 Breach of Fiduciary Duty, all of which are sufficiently pled as required by law.

1. EHCS' Breach of Contract Claim

Pursuant to New York law, a claim for a breach of contract has four elements: (1) the existence of a contract [the Agreement], (2) performance by the plaintiff [Am. Complaint at ¶9, and Agreement], (3) non-performance by the defendant [Am. Complaint at ¶¶ 10, 18, 19-20, 26-27], and (4) damages attributable to the breach [Am. Complaint at ¶¶ 11, 18-21, 25-27]. See, *Kramer v. NYC*

*Bd. Of Educ.*, 715 F. Supp. 2d 335, 356 (E.D.N.Y. 2010). See also, *Tagare v. Nynex Network Sys. Co.*, 921 F. Supp. 1146, 1140 (S.D.N.Y. 1996); 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1235 (1990).

Here, EHCS' has sufficiently pled a breach of contract claim:

> 7. On or about May 2007 pursuant to written agreement (the "Agreement") a copy of which is attached, EHCS and FGA agreed to the appointment of FGA as agent for EHCS to prepare and transmit, to Carriers and Regulators, confidential patient medical billing data generated by EHCS.
>
> 8. The Agreement, drafted by FGA, provides among other things:
>
> 2.<u>The Service:</u>
> FGA will submit all Medicaid and Medicare claims electronically. FGA will also submit any other claims electronically if the payer permits. All on-electronic claims will be submitted on paper in either UB04 format or HCFA 1500 format based on the payer requirements.
>
> All non-Medicaid and Medicare billing cycles will be completed monthly and included in month-end reports.
>
> FGA will be responsible for follow-up and resubmission of all those claims it submits that are denied. At times FGA may refer to Client for eligibility problems. In addition, FGA will assist the Client in resolving problems with Medicare which may be adversely effecting the ability for claims to be paid.
>
> FGA will contact as necessary Client's patients or their reimbursing agents to obtain information for FGA to perform under this Agreement.
> Monitoring reimbursements from third party to payers to identify problems with specific payers, spot problems, and locate denials that may need to be appealed.
>
> FGA will handle all telephone inquiries and written correspondence received pertaining to patients served by Client, provided that this duty shall not apply to such inquiries or correspondence concerning litigation or any inquiries or correspondence from the news media.
>
> 7.<u>Confidentiality</u>
> All data submitted to FGA shall remain confidential and will not be released to anyone other than the payer unless requested or approved in writing by the Client.
>
> 9.<u>Representation and Warranties:</u>
> FGA shall perform all work on behalf of Client in a lawful and ethical manner and in compliance with statutes, rules and regulations now existing or which in the future may be adopted related to providing this service. In the event that FGA identifies any potential billing errors it shall immediately inform the Client. If FGA continues to submit these claims, which they have informed the Client of, FGA shall indemnify the Client for any claims, judgments, and expenses related to   the submission of these claims.
>
> 9. EHCS fulfilled the obligations required of it pursuant to the Agreement including payment of all sums due from it.
>
> 10. FGA failed and omitted to fulfill the obligations imposed upon it pursuant to the Agreement, including but not limited to:
> a. Failing to timely and or properly transmit claims on behalf of EHCS, thereby resulting in denials of payment to EHCS;
> b. Failing to monitor claims and denials;
> c. Failing to recognize that EHCS claims were being denied and that such claims were not resubmitted to the Carrier.
>
> 11. By reason of the foregoing, EHCS suffered damages for unrecovered claims, lost profits and overhead which it is entitled to recover of FGA.

Amnd. Complaint at ¶¶ 7-11.

Notwithstanding the specificity of EHCS' claim, including a copy of the contract in question, FGA alleges that it is "[left] without notice." See, Memorandum of Law in Support of Defendant's Motion to Dismiss the Verified Amended Complaint dated October 14, 2014 ("FGA Memo") at p.2.

However, the law does not require EHCS' to specify information that FGA has hidden, nor does it require any pleading beyond the short and plain statement of sufficient factual matter to establish that the relief sought is plausible. See, *Iqbal, supra* at 1949. Obviously, the precise dates of the breach are unknown as has FGA masked its failures (See, Amnd. Complaint at ¶ 17d). In fact, had FGA apprised EHCS that it had failed to properly submit claims, EHCS could have remedied same. Rather, FGA concealed the fact that it had failed to properly or timely transmit claims, that it had failed to monitor claims and denials, and that upon the claims' denial, FGA allowed the time to resubmit to expire without advising EHCS of same. See, the Agreement at ¶¶ 2,9.

Here, FGA's bad faith conduct hardly warrants a dismissal of the Amnd. Complaint. More significantly, FGA is not without notice. FGA has had and retains a complete database and record of all confidential claims and patient information that were within its authority to submit, file, and or resubmit, as well as the value of each such claim. Plainly stated, EHCS did not uncover FGA's misfeasance upon FGA's voluntary disclosure of same.

-6-

2. EHCS' Gross Negligence claim

"[T]he public policy of this State dictates that 'a party may not insulate itself from damages caused by grossly negligent conduct" *Ryan v. IM Kapco, Inc*. 88 A.D.3d 682, 683 (2d Dept. 2011) (citing *Goldstein v. Carnell Assoc., Inc*., 74 A.D.3d 745, 746 (2d Dept. 2010), quoting *Sommer v. Federal Signal Corp*., 79 N.Y.2d at 554 (1992)). Gross negligence "differs in kind, not only degree, from claims of ordinary negligence" *(Colnaghi, U.S.A. v. Jewelers Protection Servs*., 81 N.Y.2d 821, 823 (1993)).

To constitute gross negligence, a party's conduct must "smack of intentional wrongdoing" or "evince a reckless indifference to the rights of others" *Id*. *Sommer*, quoting *Kalisch–Jarcho, Inc. v. City of New York*, 58 N.Y.2d 377, 385 (1983)). "Stated differently, a party is grossly negligent when it fails 'to exercise even slight care' or 'slight diligence'" *Ryan, supra* at 683 (citing *Goldstein*, quoting *Food Pageant v. Consolidated Edison Co.*, 54 N.Y.2d 167, 172 (1981)and *Dalton v. Hamilton Hotel Operating Co.*, 242 N.Y. 481, 488 (1926)).

In *North Shore Bottling Co. v. Schmidt & Sons*, the Court recognized that "a contracting party may be charged with a separate tort liability arising from a breach of a duty distinct from, or in addition to, the breach of contract"22 N.Y.2d 171, 179 (1968). A tort may arise from the breach of a legal duty independent of the contract, but merely alleging that the breach of contract duty

-7-

arose from a lack of due care will not transform a simple breach of contract into a tort. See, *Clark–Fitzpatrick*, *supra* at 389.

However, a legal duty independent of contractual obligations may be imposed by law as an incident to the parties' relationship *Sommer*, *supra* at 551. In these instances, it is policy, not the parties' contract, that gives rise to a duty of due care. *Id*. (citing Prosser, Torts, at 613 [4th ed.]).

Here, FGA had a duty to employ and train personnel to properly handle confidential patient information, to accurately file and timely submit Medicare and insurance claims, including appeals, and to maintain employees' knowledge of Medicare and insurance claims processes and government regulations. See, Amnd. Complaint at ¶¶ 15,17,18(e),20. Further, FGA had a duty to maintain a Compliance Program and furnish a copy of same to EHCS. See, *Id*. at ¶¶ 14, 18(c). EHCS trusted and believed, upon FGA's representations thereof, that FGA had the proper staff and training protocols in order to carry out its business of specializing as a third party medical billing company. See, *Id*. at ¶¶ 17,18(a)(d), see also, Agreement ¶¶ 2,9. The absence of same "smacks of intentional wrongdoing" *Kalisch–Jarcho, supra* at 385.

FGA failed to maintain properly trained staff, did not comply with government regulations, and failed to maintain a Compliance Program and furnish a copy of same to EHCS. The failure to have a Compliance Program and furnish a copy of same to its client alone

is an obvious wrongdoing, which demonstrates an absence of even the "slightest" care or "diligence". See, Third Party Medical Billing Company Guidelines 2009 WL 4614863 (1998). The fact that FGA's employees were not trained to discern the difference, and or the significant consequence, of entering billing codes as "t" (testing) rather than "p" (production) demonstrates a palpable absence of the slightest diligence. The additional fact that FGA's staff were unable to correct the initial filing errors only adds insult to injury and exposes the gross lack of a hiring or training protocol FGA maintained for its personnel and staff who were, amongst other things, given access to sensitive and confidential patient information. See, Agreement at ¶ 7. Thus, the aforementioned failures extend beyond the scope of the breach in simply failing to submit EHCS' claims timely and properly, because they unequivocally evidence an utter lack of diligence. Thus, EHCS' allegations satisfy a claim for gross negligence:

> 13. FGA in its capacity as agent for EHCS owed a special duty of care to EHCS and its patients, as provided for in the Agreement, which states, among other things that:
>
> 8. FGA to Act Solely as Agent:
> In taking any action pursuant to this Agreement, FGA will be acting solely as agent for the Client and nothing in this Agreement shall be construed as creating a partnership or any other relationship between the parties hereto, except that of principal and agent.
>
> 14. Liabilities duties and obligations of FGA as a medical billing service provider are imposed on it pursuant to State and Federal law, beyond the scope of the Agreement, all of which FGA had actual notice of.
>
> 15. Among the duties and obligations of FGA imposed on it is to protect EHCS' patients' confidentiality and ensure that patients received the services due them by hiring and training personnel to manage EHCS' medical billing and accounts services, and adopt a Compliance Program ensuring same.
>
> 16. FGA was also required to exercise good faith, reasonable diligence, and such skill as is ordinarily possessed by enterprises engaged in the same type of business as FGA.

17. FGA solicited EHCS by claiming to possess special skills or knowledge in medical billing and accounts receivable management services and thus had a heightened duty to EHCS to act with the care, competence, and diligence normally exercised by agents possessing such skills or knowledge.

18. Notwithstanding the foregoing:
a. FGA failed, neglected and omitted to correctly train and or maintain staff, employees and or subagents in managing patient billing and accounts thereby resulting in avoidable errors by FGA.
b. FGA failed to inform or disclose to EHCS the deadlines for appealing denials of payment for claims to EHCS.
c. FGA failed to adopt a compliance Program and or furnish a copy of same to EHCS.
d. FGA sought to mislead EHCS and mask facts surrounding its management of EHCS patient billing and accounts and th hiring of personnel to handle same.
e. FGA failed to properly enter billing codes using "T" ("testing") instead of "P" ("production") resulting in denial of claims assumed by Medicare to be bills generated for testing purposes and not actual production of bills.
f. FGA failed to notice or correct the unpaid bills or billing errors and sought to mas same, and upon EHCS' discovering same the time for resubmission or appealing of these denials had expired.
g. FGA failed to document items and services rendered and properly submit them for reimbursement which is a major area of potential fraud and abuse in the Federal health care programs and subjects EHCS to investigation by Regulators.

19. By reason thereof, EHCS and its patients were denied coverage for services rendered by EHCS and EHCS thereby forever lost the possibility of receiving compensation for such services.

20. FGA failed to fulfill its duties by its incorrect and improper handling of patient billing and claims, using subagents and employees who were improperly trained and or lacked the training necessary, and failing to fully disclose all material facts actually known or reasonably available to it so that EHCS could remedy or address same.

Amnd. Complaint at ¶¶ 13-20.

### 3. EHCS' Breach of Fiduciary Duty Claim

FGA's relationship with EHCS is defined in the contract drafted by FGA as "an agent" of EHCS. See, the Agreement at ¶ 8. Any agreement between a principal and agent will define the contractual duties owed by the agent in addition to [] fiduciary duties. See, e.g., *G.K. Alan Assoc. Inc. V. Lazzari*, 66 A.D.3d 830, 388 (2d Dept. 2009); *Deep Blue Ventures Inc. v. Manfra, Tordella & Brookes, Inc.*, 791 NYS2d 298, 300-01 (Sup. 2004).

However, the terms of an agency relationship may be modified by contract such that the general duty of undivided loyalty may be altered. See, *Alitalia Linee Aeree Italiane, S.P.A. v. Airline*

*Tariff Pub. Co.*, 580 F. Supp 2d 285, 294 (S.D.N.Y. 2008) (a contract may "raise or lower the standard of performance to be expected of an agent or specify the remedies or mechanisms of dispute resolution available to the principal.") Damages are not necessarily mandated for a fiduciary duty claim as the rationale for this rule is to aim to prevent breaches of fiduciary duty, rather than simply compensating principals for an agent's breach. See, *Gibbs v. Breed, Abbott & Morgan*, 710 N.Y.S.2d 578, 584 (1st Dept. 2000); *Milbank, Tweed, Hadley & McCloy v. Boon*, 13 F.3d 537, 543 (2d Cir. 1994); *ABKO Music, Inc. v. Harrisongs Music, Lt.*, 722 F.2d 988, 996 (2d cir. 1983).

**Once an agency relationship has been established, a fiduciary relationship arises as a matter of law**. An agent has a fiduciary duty to act loyally for the principal's benefit in all matters connected with the agency relationship, and the agent has a duty to refrain from doing any harmful act to the principal. Rest 3d Agen § 8.01 (2006).

Here, FGA had an irrefutable to duty as an agent to disclose to its principal that it did not train or have properly trained staff as required within the medical billing industry and by law, and that FGA did not know how to properly file claims and or appeal denied claims. See, Amnd. Complaint at ¶ 17(e)(f). FGA most certainly had a duty to disclose when claims were improperly submitted by its employees or otherwise denied. Undoubtedly, FGA's

-11-

knowledge, acts and omissions as an agent were imputed to its principal, EHCS. Had FGA apprised EHCS' of these facts, EHCS would not have conducted business with FGA. **Succinctly stated, as an agent, FGA did not properly carry out its agency.**

Thus, the allegation here, i.e., FGA's failure to disclose, is different from and unique to the breach of contract claim for its failure to properly and timely submit EHCS' billing (Count 1), and from EHCS' claim for gross negligence upon failing to employ and properly train personnel pursuant to practice and regulations (Count 2). Thus, EHCS' cause of action for breach of fiduciary duty constitutes a separate cause of action and was properly pled as follows:

> 23. As EHCS' fiduciary FGA owed a duty of care to EHCS and its patients to act in a manner consistent with the purpose of the agency and to exercise the utmost good faith in the performance of its duties ethically so that vital patients services would not be disrupted or interrupted and EHCS did not suffer any damage including but not limited to monetary and reputational harm.
> 24. The duty of care required FGA to disclose all facts which FGA knew or should have known would reasonably affect EHCS' judgment, services, operations and or reputation.
> 25. A corollary of the duty of care is the principle that knowledge obtained by FGA within the scope of his or her agency will be and was imputed to the EHCS even if never communicated to the EHCS.
> 26. FGA damaged EHCS' reputation and business.
>
> Amnd. Complaint at ¶¶ 23-26.

POINT 2: FGA'S MOTION IS DEVOID OF SUBSTANCE AND WARRANTS DISMISSAL AS PLEADINGS SHOULD NOT BE DISMISSED OR ORDERED AMENDED UNLESS IT APPEARS BEYOND DOUBT THAT EHCS CANNOT PROVE ANY SET OF FACTS IN ITS CLAIMS IN ORDER TO SEEK THE RELIEF REQUESTED.

FGA's skeletal allegations in support of its motion are summarized as follows in its Memo:

>1. That EHCS fails to include a time reference for the breach and the connection between the breach and damages p.4,6;
>
>2. That EHCS' performance under the contract, including whether a notice was sent, are unknown to FGA, p.5 ;
>
>3. That the dates of the insurance claims at issue are unknown to FGA p.5[3];
>
>4. That FGA had no duty outside the scope of the contract, as its obligation to address governmental policy impacting FGA's services to EHCS are based on contract, and FGA has no obligation under policy to file bills on behalf of EHCS p.8.

These jejune allegations simply do not merit a dismissal of any of EHCS' causes of action. The court must accept as true all of the factual allegations set out in the complaint, draw inferences from those allegations in the light most favorable to the plaintiff, and construe the complaint liberally. See, *Desiderio, supra* at 202. See also, *Iqbal, supra* at 1949; *Clark-Fitzpatric, supra* at 653 (pleadings should <u>not</u> be dismissed or ordered amended unless they are insufficient to apprise the parties or court of the subject matter of the controversy); See also, CPLR § 3026 ("pleadings shall be liberally construed.")

That EHCS' Amnd. Complaint does not include the specific time of each of the unpaid insurance claims is not necessary to satisfy pleading standards. The date of the parties' contract and the termination of same is known both to this Court and FGA. See, also the Agreement at p. 3. See also, footnote 3, *supra.* The time reference in question is therefore known to FGA.

---

[3] FGA cannot now seriously controvert that it had both access to and was responsible for the submission of EHCS' claims. See, the Agreement at ¶ 2. See also, Declaration of John Morris in Support of FGA's Motion to Dismiss or Transfer Venue to the District of New Jersey dated November 12, 2013.

That EHCS has not pled its own fulfillment of the contract is simply false as a matter of fact and law. EHCS' Amnd. Complaint specifically states that its obligations were fulfilled, including making all due payments to FGA for its services, and said complaint is verified. The Agreement is also readily available for FGA to allege in any responsive pleading that EHCS did not fulfill its obligations (¶¶ 3,6)[4]. Again, FGA may challenge or contradict EHCS' assertions in its Answer, but EHCS is not required to plead more in order to survive a § 12(b)(6) motion. See generally, *Igbal, supra*.

That dates of the insurance claims at issue are unknown to FGA is patently false, as the Court has in its own prior Order dated February 19, 2014, noted the extent of the parties involvement and exchange of data. See also, footnote 3, *supra.* It would be peculiar indeed if FGA does not have notice of the records it was exclusively contracted to manage, submit and handle, and denials of which it withheld from EHCS.[5] See, Agreement at ¶¶ 2, 7-9.

That FGA has no duty outside of the breach in its failure to timely and properly submit EHCS billing is simply erroneous both as a matter of fact and law. As a medical billing service provider FGA had a duty beyond the contract to employ personnel trained to handle, file and appeal medical claims in accordance with State and

---

[4] FGA's references in its Memo to EHCS' alleged breach of the Agreement, including ¶5(b), are more appropriated suited in a responsive pleading.

[5] The peculiarity may well be explained by what appears to be the seemingly careful preparation by FGA of a potential introduction to this Court at a later date that the data on its computers has been effaced.

-14-

Federal Laws due to the nature of the matter: confidential patient records. FGA had statutory duty to maintain and furnish a copy of its Compliance Program. See, Third Party Medical Billing Company Guidelines, *supra*. Further, as an agent, FGA had a duty to EHCS' to act loyal and for the benefit of EHCS. Rather, FGA failed to disclose to EHCS those acts which interfered with its ability to properly carry out its agency.

**IV. Conclusion**

EHCS has pled three separate causes of action which are permissible as a matter of law and which legal theories provide sufficient detail so as to survive a § 12(b)(6) motion. Therefore, FGA's motion should be denied.

Dated: Brooklyn, NY
       November 24, 2014

_____
ALHAM USMAN (AU-0786)