UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
EXCELLENT HOME CARE SERVICES, LLC,

                   Plaintiff,

    - against -

FGA, INC.,

                   Defendant.
-------------------------------------------------------x

MEMORANDUM AND ORDER

13 Civ. 5390 (ILG) (CLP)

GLASSER, Senior United States District Judge:

Plaintiff Excellent Home Care Services, LLC ("EHCS") brings this action against FGA, Inc. ("FGA" or "Defendant"), alleging claims for breach of contract, negligence, and breach of fiduciary duty. In a Memorandum and Order dated August 27, 2014, ("Prior Order") the Court granted Defendant's motion to dismiss the original Complaint without prejudice, and permitted Plaintiff to re-plead its claims. Dkt. No. 35. Plaintiff filed its Amended Complaint on September 24, 2014. Dkt. No. 36. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant now moves to dismiss Plaintiff's Amended Complaint. Dkt. No. 37. For the reasons set forth below, Defendant's renewed motion is GRANTED in part and DENIED in part.

## BACKGROUND

The facts and history of this case were set out in detail in the Prior Order, with which familiarity is assumed. The following allegations are taken from the Amended Complaint and, for purposes of this motion, assumed to be true. EHCS is a home healthcare company based in New York, and FGA is a billing management company based in New Jersey. See Am. Compl. ¶¶ 1-4. On May 31, 2007, the parties entered into a written agreement ("Agreement"), pursuant to which FGA agreed to prepare and

1

submit medical insurance claims on behalf of EHCS to Medicare, Medicaid, and private insurance carriers.  See id., Ex. A.[1]  The Agreement stated that FGA "will be acting solely as agent for [EHCS]" and obligated it to monitor and re-submit denied claims, immediately inform EHCS of any potential billing errors it identified, and "perform all work on behalf of [EHCS] in a lawful and ethical manner and in compliance with statutes, rules and regulations . . . relative to providing this service."  See id. at 1-3.

EHCS alleges that FGA breached the Agreement by failing to properly submit and monitor patient insurance claims, which resulted in the claims being denied.  See Am. Compl. ¶ 10.  It also alleges that FGA breached a duty independent of the Agreement by failing to properly train its staff, inform and disclose to EHCS the deadlines for appealing denied claims, adopt a compliance program, properly enter billing codes for claims, and correct billing errors.  See id. ¶¶ 14-15, 18.  It states that "State and Federal law[s]" imposed the additional duties upon FGA as a medical billing service provider, but does not identify these laws.[2]  See id. ¶ 14.  Furthermore, it alleges that FGA owed a "heightened duty" of care because it "solicited EHCS by claiming to possess special skills or knowledge in medical billing and accounts receivable management services."  See id. ¶ 17.

EHCS adds a third claim to the Amended Complaint for breach of fiduciary duty.  It alleges that FGA, in its agency capacity, breached its fiduciary duty of care "to act in a manner consistent with the purpose of the agency" and "to disclose all facts which FGA

---

[1] The Amended Complaint attached a copy of the signed Agreement.  See Am. Compl., Ex. A.

[2] In its Opposition, EHCS refers to the "Compliance Program Guidance for Third-Party Medical Billing Companies" issued by the Department of Health and Human Services as one source of FGA's extra-contractual obligations.  See 63 FR 70138-01 (Dec. 18, 1998).  The compliance program guidance is irrelevant here because (1) adoption of the program is "strictly voluntary" and (2) EHCS cannot supplement its Amended Complaint through its Opposition papers.  See Hanley v. Nassau Health Care Corp., No. 10-CV-3884, 2013 WL 3364375, at *3 (E.D.N.Y. July 3, 2013).

knew or should have known would reasonably affect EHCS' judgment, services, operations . . . or reputation." See id. ¶¶ 23-24.

FGA filed its renewed motion to dismiss the Amended Complaint ("Renewed Motion to Dismiss") on October 14, 2014. Dkt. No. 37. EHCS filed its Opposition to FGA's motion ("Opposition") on November 24, and on December 15, FGA filed its Reply. Dkt. Nos. 42, 44.

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Although detailed factual allegations are not necessary, mere legal conclusions, "a formulaic recitation of the elements of a cause of action," or "naked assertions" by the plaintiff will not suffice. Id. (internal quotations and citations omitted). This Court must accept as true all of the allegations made in the complaint and draw all reasonable inferences in the plaintiff's favor. Matson v. Bd. of Educ. of the City Sch. Dist. of N.Y., 631 F.3d 57, 63 (2d Cir. 2011).[3]

## DISCUSSION

FGA argues that the Amended Complaint should be dismissed with prejudice. It asserts that EHCS failed to sufficiently plead a breach of contract claim and that the negligence and breach of fiduciary duty claims should be dismissed because they fail to

---

[3] EHCS incorrectly relies on the less stringent pleading standard set forth in Conley v. Gibson, 355 U.S. 41 (1957), which is no longer good law. See Twombly, 550 U.S. at 570.

3

rest on any duty independent of its contractual obligations. The Court addresses each claim in turn.

### 1) Breach of Contract

Under New York law, a claim for breach of contract has four elements: (1) the existence of a contract, (2) performance by the plaintiff, (3) non-performance by the defendant, and (4) damages attributable to the breach. Kramer v. N.Y.C. Bd. of Educ., 715 F. Supp. 2d 335, 356 (E.D.N.Y. 2010). FGA argues that the Amended Complaint fails to sufficiently allege its non-performance and damages attributable to the breach.

In its Prior Order, the Court found that the original breach of contract claim was not plausible because EHCS failed to allege which contract provisions FGA breached. See Prior Order at 3. The Amended Complaint provides this information: it identifies the terms of the Agreement that required FGA to prepare and submit claims on behalf of EHCS and to monitor and re-submit any denied claims. See Am. Compl. ¶ 8; 10. It further alleges that as a result of FGA's failure to fulfill these contractual obligations, EHCS "suffered damages for unrecovered claims, lost profits and overhead" in the amount of $7 million. See id. ¶¶ 11; 27(a).

FGA argues that the claim should be dismissed because the Amended Complaint does not identify the particular insurance claims that it allegedly submitted and monitored improperly, and fails to "link the dollar amount [of damages] to the alleged breach." See Renewed Motion to Dismiss at 5-6. To survive a motion to dismiss, however, EHCS is not required to plead such "detailed factual allegations." See Iqbal, 556 U.S. at 678 (internal citations and quotations removed). The Amended Complaint adequately alleges the elements of a breach of contract claim, and FGA's motion to dismiss the claim is denied.

## 2) Negligence

FGA contends that the Amended Complaint does not allege the existence of a duty independent of the Agreement, and thus the negligence claim should be dismissed as duplicative of the breach of contract claim.[4]  "[A] simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself ha[s] been violated." Banco Industrial de Venezuela, C.A. v. CDW Direct, L.L.C., 888 F. Supp. 2d 508, 512 (S.D.N.Y. 2012) (internal citations and quotations omitted).  Public policy can give rise to an independent duty where "there is personal injury or property damage, or if the nature of the services provided implicate significant public interest or welfare.  However, where the injury alleged is solely economic and there was no cataclysmic occurrence, New York courts have rejected negligence claims." See TD Waterhouse Investor Servs., Inc. v. Integrated Fund Servs., Inc., No. 01 Civ. 8986, 2003 WL 42013, at *12 (S.D.N.Y. Jan. 6, 2003) (internal citations omitted).

EHCS fails to allege how the provision of medical billing services is linked to a "significant public interest" that would weigh in favor of imposing tort liability for policy reasons.  See id. at *12-13 (accounting services contract raised no public interest concerns); cf. Sommer v. Fed. Signal Corp., 79 N.Y.2d 540, 553 (1992) (significant public interest in proper functioning of fire alarm systems justified imposition of tort liability on fire alarm monitoring company).  The alleged cause of EHCS' damages—improperly submitted insurance claims—is far from a "cataclysmic occurrence" and resulted in economic injury only.

---

[4] EHCS asserts that Count II alleges a claim for gross negligence.  However, the purported gross negligence claim is not apparent from the Amended Complaint, and EHCS cannot amend its pleading through its Opposition papers.  See Hanley, 2013 WL 3364375, at *3.

5

Furthermore, the allegation that FGA owed a "heightened duty" of care due to its "special skills or knowledge in medical billing" fails to establish a duty independent of the Agreement. Every service contract imposes upon the employee or agent a duty to use "reasonable skill, care, and diligence, and . . . to exercise any special skill that [it] has." See 19 Williston on Contracts § 54:22 (4th ed.). EHCS' allegation is therefore nothing more than a "restatement of the 'implied' contractual obligations asserted in the cause of action for breach of contract." See Clark Fitzpatrick, Inc. v. Long Is. R.R. Co., 70 N.Y.2d 382, 390 (1987). Thus, the Amended Complaint fails to demonstrate that FGA owed a legal duty independent of the contract, and the negligence claim is dismissed.

### 3) Breach of Fiduciary Duty

EHCS alleges that FGA breached a "[fiduciary] duty of care to EHCS and its patients to act in a manner consistent with the purpose of the agency. . ." See Am. Compl. ¶ 23. This claim fails, however, because FGA's alleged fiduciary duties are based entirely upon obligations "provided for in the Agreement." See id. ¶¶ 13, 18. "Where the fiduciary duty is based upon a comprehensive written contract between the parties, a claim for breach of fiduciary duty is duplicative of a claim for breach of contract." Alitalia Linee Aeree Italiane, S.P.A. v. Airline Tariff Pub. Co., 580 F. Supp. 2d 285, 294-95 (S.D.N.Y. 2008); see also Robin Bay Assocs., LLC v. Merrill Lynch & Co., No. 07 Civ. 376, 2008 WL 2275902, at *3 (S.D.N.Y. June 3, 2008) (dismissing fiduciary duty claim where there was almost total overlap between plaintiff's claims for breach of contract and fiduciary duty). Therefore, the breach of fiduciary duty claim is dismissed.

FGA requests that the motion to dismiss be granted with prejudice. With respect to its negligence claim, EHCS has been granted leave to amend its Complaint once, and

"[w]hen the plaintiff is put on notice of the deficiencies in his complaint and fails to correct them in the amended complaint . . . dismissal with prejudice is proper." See Justice v. McGovern, No. 11-CV-5076, 2013 WL 1809634, at *3 (E.D.N.Y. Apr. 29, 2013) (internal citations omitted). The fiduciary duty claim, although not asserted in the original Complaint, is "clearly meritless," which justifies its dismissal with prejudice. See, e.g., Eickhorst v. E.F. Hutton Group, Inc., 763 F. Supp. 1196, 1203-04 (S.D.N.Y. 1990).

## CONCLUSION

For the foregoing reasons, FGA's motion to dismiss the breach of contract claim is DENIED, and its motion to dismiss the negligence and fiduciary duty claims is GRANTED with prejudice.

SO ORDERED.

Dated:   Brooklyn, New York
         February 4, 2015

/s/
I. Leo Glasser
Senior United States District Judge